\#

\#

\#

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SERIE H., | No. SACV 24-2777-AGR |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff[1] filed this action on December 23, 2024.  The parties filed briefs on the disputed issues.  The court has taken the matter under submission without oral argument.[2]

Having reviewed the entire file, the court affirms the decision of the Commissioner.

---

[1]  Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 6, 7).

**I.**

**PROCEDURAL HISTORY**

Plaintiff filed applications for disability insurance benefits and supplemental security income on May 21, 2015, and alleged an onset date of April 1, 2013.  Administrative Record ("AR") 16, 248-52, 253-61.  The applications were denied initially and upon reconsideration.  AR 160-64, 167-72.  After a hearing on November 14, 2017, an Administrative Law Judge ("ALJ") issued an unfavorable decision on January 24, 2018.  AR 12-38, 39-76.  The Appeals Council denied review on January 10, 2019.  AR 1-6.

On August 18, 2020, this Court remanded the matter to the Commissioner for further proceedings.  AR 905-13.  On remand, a different ALJ held a second hearing at which Plaintiff and a vocational expert testified.  AR 826-66.  The ALJ denied benefits on August 15, 2023, and the Appeals Council denied review on October 31, 2024.  AR 789-96, 797-825.  This action followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits.  *Smith v. Berryhill*, 587 U.S. 471, 474 (2019).  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam).

"Substantial evidence" means "'more than a mere scintilla.'"  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted).  "It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id*. (citation omitted).  In determining

whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision.  *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).

**III.**

**DISCUSSION**

**A. Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

**B. The ALJ's Findings**

The ALJ found that Plaintiff met the insured status requirement through March 31, 2017.  AR 802.  Following the five-step sequential analysis applicable to disability determinations, *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[3] the ALJ found that Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, chronic pain syndrome, diabetic peripheral neuropathy, right shoulder impingement syndrome, status-post left carpal tunnel release, and obesity.  AR 803.  Plaintiff's impairments do not meet or medically equal the severity of a listed

---

[3] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work.  *Lounsbury*, 468 F.3d at 1114.

impairment. AR 806.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform less than the full range of light work. She could lift and/or carry twenty pounds occasionally and ten pounds frequently. She could sit, stand and/or walk for six hours out of an eight-hour workday with normal breaks. She could perform postural activities occasionally. She could not crawl and could not climb ladders, ropes and scaffolds. She could not work at unprotected heights and could not drive a motor vehicle. She could frequently reach overhead with the right upper extremity and could frequently perform fine and gross manipulation bilaterally. AR 806-7.

The ALJ determined that Plaintiff could perform her past relevant work as an accounting clerk. AR 813. Alternatively, the ALJ found that there are jobs that exist in significant numbers in the national economy that she could perform, such as cashier II, price marker, and hotel clerk. AR 814-15. Accordingly, the ALJ concluded that Plaintiff has not been under a disability since April 1, 2013, the alleged onset date, through August 15, 2023, the date of the ALJ's decision. AR 815.

## C. **Residual Functional Capacity**

The RFC assessment measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471 (1986); *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). The RFC is a determination of "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Although the RFC assessment is ultimately the ALJ's responsibility, it must be supported by substantial evidence. *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). The ALJ must "set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180

F.3d 1094, 1102 (9th Cir. 1999).

Plaintiff challenges the ALJ's RFC assessment on two grounds.  First, she argues that the ALJ's finding that she could perform frequent manipulative activities was based on the ALJ's own lay interpretation of the medical evidence rather than on a supporting medical opinion.  Second, she contends that the ALJ's determination that she could stand and walk for six hours in an eight-hour workday was inconsistent with the medical evidence of record.  As discussed below, neither argument warrants remand.

### 1. <u>Manipulative Limitations</u>

The ALJ properly determined that Plaintiff could perform frequent fine and gross manipulation bilaterally.  In formulating the RFC, the ALJ considered the objective medical evidence in the record, treatment history, and medical opinion evidence related to Plaintiff's upper-extremity limitations.

Plaintiff was diagnosed with bilateral carpal tunnel syndrome (CTS).  In May 2017, electromyography and nerve conduction velocity ("EMG/NCV") testing revealed severe CTS on the left and moderate CTS on the right, as well as left ulnar neuropathy at the elbow.  AR 777.  Plaintiff underwent left carpal tunnel release surgery in July 2017, after which her left-sided symptoms completely resolved.  AR 772, 833.  In the years that followed, Plaintiff made intermittent complaints of right-hand pain, but the record does not reflect ongoing treatment, referrals, or additional diagnostic testing related to CTS.  AR 771, 777.  Orthopedic examinations in 2020 and 2023 made little mention of upper-extremity complaints or abnormalities.  AR 1332-56, 1406-15, 2355.  The only subsequent objective evaluation of Plaintiff's CTS occurred at the October 2022 consultative examination, which found no evidence of CTS.  AR 1480.  Tinel's and Phalen's signs were negative, and Plaintiff demonstrated intact strength with normal muscle tone

and bulk in both hands.  AR 1479-80.  Although grip strength on the right was slightly reduced, the examiner attributed that finding to likely submaximal effort.  AR 1480.  The examiner concluded that Plaintiff had no manipulative limitations.  AR 1481.  State Agency medical consultants likewise concluded that Plaintiff had no manipulative limitations.[4]  AR 104, 129.  Considering the totality of this evidence, the ALJ reasonably concluded that Plaintiff retained the capacity to perform frequent manipulation bilaterally.  AR 806-13.

Plaintiff nevertheless argues that the RFC is erroneous because it does not correspond to a specific medical opinion.  This argument is unpersuasive.  The RFC determination is an administrative finding reserved to the Commissioner, and it need not precisely mirror the language of a medical opinion so long as it is supported by substantial evidence.  *See Rounds*, 807 F.3d at 1006 (noting RFC is ALJ's responsibility); *Estep v. Colvin*, 2016 WL 6988698, at *9 (E.D. Cal. 2016) ("[A]n ALJ may synthesize and translate assessed limitations into an RFC assessment … without repeating each functional limitation verbatim in the RFC assessment or hypothetical.").

To the extent Plaintiff contends the ALJ improperly relied on his own lay interpretation of the medical evidence in assessing the RFC, that argument likewise fails.  Plaintiff identifies no ambiguity, inconsistency, or evidentiary gap that triggered the ALJ's duty to further develop the record and obtain additional medical opinion, nor does she point to any objective evidence supporting greater manipulative limitations that those assessed.  *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2011) (duty to

---

[4] Plaintiff's treating physician assessed more restrictive manipulative limitations.  AR 768.  But the ALJ provided legally sufficient reasons to reject that opinion, and Plaintiff does not challenge that determination on appeal.  AR 812.

develop record arises only when evidence is ambiguous or inadequate). Upon independent review of the record, the court notes that the only objective evidence of CTS not expressly reviewed by a medical expert was the May 2017 EMG/NCV study showing moderate right-sided CTS.  The record contains years of subsequent medical evidence reflecting no additional treatment or objective abnormalities related to CTS, as well as a normal upper-extremity physical examination by the consultative examiner in 2022.  Under these circumstances, the evidence was not so ambiguous or incomplete as to require further development of the record.  *See Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) (recognizing ALJs are capable, at some level, of independently reviewing and forming conclusions about medical evidence).  Plaintiff has not shown error.

## 2. <u>Standing/Walking Limitations</u>

Plaintiff argues that the ALJ's finding that she could stand and/or walk for six hours in an eight-hour workday was inconsistent with the medical evidence relating to her knee impairment and obesity, and that she should have been limited to sedentary work.  Even assuming the ALJ erred in assessing Plaintiff's standing and walking capacity, any such error was harmless.  The ALJ found that Plaintiff could perform her past relevant work as an accounting clerk, which is sedentary work both as generally performed and as actually performed.  AR 813.  Accordingly, even if Plaintiff were limited to sedentary work, the ALJ still would have found her not disabled. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (noting harmless error principles apply in Social Security context); *see also Gopher v. Colvin*, 572 Fed. Appx. 478, 479 (9th Cir. 2014) (finding harmless error when claimant could do sedentary work despite erroneous standing/walking assessment).

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed and that judgment be entered for Defendant.

DATED: December 30, 2025

_____

ALICIA G. ROSENBERG
United States Magistrate Judge